EX PARTE OTIS H. GIBSON.

No. 20488.  Delivered  May  17,  1939.

The opinion states the case.

*King C. Haynie, R. G. Allen* and *Kenneth H. Aynesworth,* all of Houston, and *McKinney & Henson,* of Huntsville, for appellant.

*Gerald C. Mann,* Attorney General, *Cecil C. Rotsch,* Assistant Attorney General, and *Lloyd W. Davidson,* State's Attorney, for the State.

HAWKINS, Judge.

Under a judgment of the District Court of Montgomery County, Texas, bearing date July 5, 1937, relator was convicted of a felony and his punishment assessed at five years in the penitentiary. Sentence was pronounced against him on July 12, 1937. An appeal was taken to this court and the judgment affirmed. The case is reported in 135 Tex. Crim. Rep. 498, 121 S. W. (2d) 361. Relator is in the penitentiary serving the sentence. On March 25, 1939, relator instituted habeas corpus proceedings before the District Judge of Walker County, Texas, asserting that the judgment and sentence against him were wholly void because, as he claimed, the judgment was entered on a Sunday. Upon a hearing it was shown without dispute that the case went to trial on July 5th, and was submitted to the jury on Saturday, July 10th. The verdict was returned and received on Sunday, July 11th. When the clerk entered the judgment on the court minutes he gave it the date of the beginning of the trial on July 5th. In fact, nothing was done on Sunday save receiving the verdict. The judgment was not entered on the court minutes on Sunday because the clerk, in whose handwriting the order is entered, was not even in the county on Sunday. Sentence was pronounced against relator on Monday, July 12th. In the order remanding relator the court finds that the judgment which relator contends was entered on Sunday was not entered on that day but was entered on Monday, July 12th. The facts support such finding.

In Brown v. State, 32 Tex. Cr. R. 119, there is found a state of facts almost exactly like those here present, and a holding against the same contention here made. See also Moore v. State, 49 Tex. Cr. R. 499.

Judge Murphy, who presided at the trial of relator in the original case, testified as follows upon the habeas corpus hearing.

"I do not enter up any judgment in connection with the criminal cases that I try in my court other than the judgment entry that is made by the clerk in the minutes and I did not in this case * * * I did not have the clerk come into open court in my presence and have him enter that of record in the presence of the defendant here at any time * * * After the verdict is brought in and before the sentence I don't take any steps one way or the other to have him brought before me to adjudicate him guilty and I didn't do it in this case." Relator contends that a formal rendition of judgment must be shown and that the presence of a defendant is required when such judgment is rendered, and insists that the evidence of the trial judge showing the absence of these things, it must follow that the judgment against relator is void. He relies upon Mapes v. State, 13 Tex. Cr. App. 85. The real question in the case mentioned was correctly decided. Mapes had been convicted in Live Oak County for cattle theft. He appealed to this court. The appeal was dismissed because no final judgment was shown. At a subsequent term of court in Live Oak County an order directing the entry of a nunc pro tunc judgment was made in Mapes' absence, he at the time being in jail in Bexar County. It was correctly held that the order for the nunc pro tunc judgment could not be made in his absence. There were some general expressions in the opinion which were subsequently modified. See Powers v. State, 23 Tex. Cr. App. 42; Cartwright v. State, 97 Tex. Cr. R. 230, 259 S. W. 1085, in which latter case the Mapes case was reviewed. In our opinon Articles 766 and 767 C. C. P. when considered together make it clear that the judgment follows the verdict as a matter of law and statutory procedure and is the declaration of the result of the trial rather than a part of the trial itself where the presence of the defendant is required. It has been repeatedly held that the judgment *must* follow the verdict. Nothing may be added thereto nor taken therefrom. The articles referred to read as follows:

"Art. 766. 'Judgment'.—A *judgment* is the *declaration* of the court entered of record, showing:

"1. The title and number of the case.

"2. That the case was called for trial and that the parties appeared.

"3. The plea of the defendant.

"4. The selection, impaneling and swearing of the jury.

"5. The submission of the evidence.

"6. That the jury was charged by the court.

"7. The return of the verdict.

"8. The verdict.

"9. In the case of a conviction, that it is considered by the court that the defendant is adjudged to be guilty of the offense as found by the jury; or, in case of acquittal, that the defendant be discharged.

"10. That the defendant be punished as has been determined by the jury."

"Art. 767. 'Sentence'.—A 'sentence' is the *order* of the court, *made* in the *presence* of the defendant, and entered of record, pronouncing the judgment, and ordering the same to be carried into execution in the manner prescribed by law."

The defendant by the terms of Art. 766 is not required to be present when the court *declares* and has entered of record the result of the trial, but his presence is necessary when by *order* of the court sentence is pronounced against him. In one instance the language is "a judgment is the *declaration* of the court entered of record" and in the other "A sentence is the *order* of the court made in the presence of the defendant, and entered of record." Where there is the waiver of a jury and a plea of guilty before the court as now permitted in certain felony cases the defendant should be present for the finding of guilt and fixing of punishment, by the judge takes the place of a verdict by a jury.

In the present case relator was present when the verdict was received as required by Art. 692 C. C. P., and was present when sentence was pronounced as required by Art. 767 C. C. P., thus he was accorded every opportunity to raise any objection to the verdict, and to the pronouncement of the sentence.

Believing relator's contentions are without merit, the judgment remanding relator to the penitentiary authorities is affirmed.