### Ex parte HANNEN.
### No. 24800.

Court of Criminal Appeals of Texas.
May 31, 1950.

None on appeal, for appellant.

George P. Blackburn, States Atty., of Austin, for the State.

WOODLEY, Judge.

The original opinion erroneously referred to the punishment shown by the judgment in evidence as 2 to 5 years. We should have said 2 to 10 years.

The State's motion for rehearing alleges that the judgment actually rendered by the trial court and entered in its minutes assessed the punishment of Relator at 10 years in the penitentiary.

On May 3, 1950, the mandate issued herein was recalled by this court, and on May 10, 1950, after submission of the State's motion for rehearing, an order was issued directing the judge of the trial court to ascertain the true facts as to the indictment, and as to the judgment and orders entered of record in Cause No. 5338, in which Relator was convicted of embezzlement.

The findings of the trial court are now before us, and it appears therefrom that the judgment rendered by the trial court was entered on the minutes of the court by the clerk on February 26, 1948, showing the punishment assessed to be "not less than two nor more than ten years." That on February 28, 1948, and during the same term of court, the minutes were corrected so as to show the punishment assessed to be ten years instead of not less than 2 nor more than 10 years. That at the time the minutes were signed and approved on February 28, 1948, the judgment as entered correctly showed the punishment actually assessed by the judge, which was ten years in the penitentiary.

It was the right and duty of the trial judge to correct as well as to sign the minutes on adjournment of the term. See Rule 20, Texas R.C.P.

It appears that in this, as in other records that have come to our attention, the carelessness of officers of the court in their use of incorrectly printed forms have become the basis of many fruitless efforts of convicts to secure their release from the penitentiary. Purported copies of judgments and orders as they appear in the court's minutes should not be certified as correct without a careful check.

It now appears that Relator is legally restrained under a valid conviction.

The State's motion for rehearing is therefore granted, and the former opinion granting the writ conditionally is set aside.

And Relator's application for release or discharge is now denied.

Opinion approved by the Court.