Fred C. Chandler, Colorado City, E. G. Pharr, Lubbock, for appellant.

George P. Blackburn, State's Atty., of Austin, for the State.

DAVIDSON, Commissioner.

Appellant, for the first time, by his motion for rehearing, insists that no final judgment has been entered in this case and that, for this reason, the appeal should be dismissed.

The transcript contains what, upon its face, purports to be a judgment of the court showing that appellant was duly tried and convicted by a jury, upon which verdict the trial court entered the judgment. As it appears in the transcript, the judgment does not show to have been entered in the minutes of the court.

Accompanying the motion for rehearing is the certificate of the county clerk certifying that the judgment had not been entered in the minutes of the court but, by inadvertence, had been omitted from such record.

 It is apparent, therefore, that a judgment has not been entered of record in the minutes of the court in this case. "Entered of record," as applied to a judgment in a criminal case, means "entered in the minutes of the court." The case of Ellis v. State, 140 Tex.Cr.R. 339, 145 S.W.2d 176, appears to be here controlling; it was there held that a docket entry in a misdemeanor case did not constitute a judgment entered of record.

Appellant's motion for rehearing is granted; the opinion heretofore rendered in this case is withdrawn; and the appeal is now dismissed.

Opinion approved by the Court.

## DARDEN v. STATE.
### No. 25674.

Court of Criminal Appeals of Texas.
Jan. 30, 1952.

No attorney on appeal for appellant.

George P. Blackburn, State's Atty., of Austin, for the State.

492

GRAVES, Presiding Judge.

The conviction is for burglary. The punishment assessed is confinement in the state penitentiary for a term of five years.

The record is before us without a statement of facts and bills of exception.

We notice that the trial court failed to make application of the Indeterminate Sentence Law, Vernon's Ann. C.C.P. art. 775, in the sentence .herein. The same is hereby amended so that it shall hereafter read that appellant is sentenced to serve not less than two nor more than five years' confinement in the state penitentiary.

Therefore, the sentence is reformed, and as so reformed, the judgment of the trial court is affirmed.