sons in his work. Therefore, it appears that testimony could have been offered upon these matters by persons other than the appellant, thus no error is shown. Branch's Ann. Penal Code, p. 209.

Finding no reversible error, the judgment of the trial court is affirmed.

Opinion approved by the Court.

### On Motion for Rehearing.

MORRISON, Judge.

Appellant's esteemed counsel in an excellent motion urges us to reconsider our holding herein. He contends that he should have secured a postponement so that public sentiment against appellant might cool and that his case in on an all fours with our holding in Rogers v. State, 155 Tex.Cr.R. 423, 236 S.W.2d 141. In many respects he is correct in his contention. Two distinguishing factors, however, do exist.

1. This is a misdemeanor case.

2. In the Rogers case much importance was attached to the fact that 44 out of a venire of 105 examined were excused because of fixed opinions. In the case at bar only one was excused for such reason. We have again re-read the examination of the panel in this case and cannot bring ourselves to conclude that prejudice against the accused found its way into the jury box.

■ Appellant further contends that we were in error in holding the testimony of the witness Alford admissible. He asserts that proof of the burning of a large quantity of horse meat following appellant's arrest constituted proof of extraneous offenses in that such evidence told the jury that appellant was engaged in the business of selling horse meat to the public generally. We agree that this evidence had that effect, but do not consider such as proof of extraneous offenses. The prosecution had the right, and the duty if it could, to prove that the appellant had in his possession a large quantity of horse meat at the time he made the sale charged in this information. In liquor sale prosecutions it has long been the

rule that the State might prove the size of the dealer's stock from which the sale was made.

We have examined with care appellant's bills of exception relating to argument which we did not discuss in our original opinion and find them to reflect logical deductions from the evidence properly in the record.

We were so impressed with counsel's able argument that we have re-examined the entire record, but remain convinced that we decided this correctly upon original submission.

The motion for rehearing is overruled.

### LANIER v. STATE.

No. 27001.

Court of Criminal Appeals of Texas.

May 19, 1954.

No attorney on appeal for appellant.

Wesley Dice, State's Atty., of Austin, for the State.

WOODLEY, Judge.

The conviction is for driving a motor vehicle on a public highway while intoxicated; the punishment, 10 days in jail and a fine of $50.

No judgment appears to have been entered in the minutes, in the absence of which the appeal must be dismissed. Ellis v. State, 140 Tex.Cr.R. 339, 145 S.W.2d 176; Moore v. State, Tex.Cr.App., 245 S.W.2d 491.

It is so ordered.