# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-12-00655-CR

**Ronald Anuscewski, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT
### NO. D-1-DC-12-200104, HONORABLE KAREN SAGE, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury convicted Ronald Anuscewski of aggravated assault with a deadly weapon. *See* Tex. Penal Code § 22.02(a)(2). The jury assessed punishment at twenty years' imprisonment in the Institutional Division of the Texas Department of Criminal Justice. In one issue, appellant contends that his conviction is void because the written judgment of conviction was signed by a different judge from the judge who presided over his trial. We will affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Appellant was indicted for the offense of aggravated assault with a deadly weapon after a confrontation with a neighbor during which he pointed a loaded semi-automatic handgun at the neighbor and threatened to shoot him. Appellant pleaded not guilty and proceeded to a jury trial. The State presented nine witnesses, including the neighbor and law enforcement officials who responded to the incident. The jury found appellant guilty of the offense alleged in the indictment.

Appellant elected for the jury to assess punishment. The jury assessed punishment at twenty years' imprisonment and a $10,000 fine. The trial court's docket sheet contains an entry recording the final conviction, the deadly weapon finding, and the punishment. The docket sheet entry is dated August 16, 2012, is signed by the judge who presided over the trial, and includes appellant's thumbprint. The same day, the judge signed a certification of appellant's right to appeal. The certification was also signed by appellant and his court-appointed counsel. On August 20, 2012, the written judgment of conviction was signed by a judge different from the one who presided over the trial. Appellant perfected this appeal.

## DISCUSSION

Appellant asserts that his conviction is void because the written judgment of conviction was signed by a judge who did not preside over his trial. We disagree. First, "the written judgment is not itself the conviction but evidence, among other things, that a conviction has occurred." *Jones v. State*, 795 S.W.2d 199, 202 (Tex. Crim. App. 1990); *see also Modica v. State*, 151 S.W.3d 716, 720 (Tex. App.—Beaumont 2004, pet. ref'd) (written judgment is merely record of events that have occurred in fact). Appellant was convicted when the judge presiding over his trial received and accepted the jury verdict. *Jones*, 795 S.W.2d at 201. "No further ritual or special incantation from the bench is necessary to accomplish an adjudication of guilt beyond the pronouncement of sentence as required by law." *Id.* (citing *Villela v. State*, 564 S.W.2d 750, 751 (Tex. Crim. App. 1978), *Ex parte Gibson*, 128 S.W.2d 396 (Tex. Crim. App. 1939)). In the present case, the trial judge received the verdict of the jury finding appellant guilty of the offense of aggravated assault with a deadly weapon as alleged in the indictment and assessing his punishment

2

at confinement in the Texas Department of Criminal Justice Institutional Division for a period of twenty years and a $10,000 fine. The trial judge then stated:

> [T]he jury having reached a verdict of 20 years and a fine of $10,000 for the defendant, I will follow the verdict of the jury and sentence the defendant to twenty years in the Texas Department of Criminal Justice Institutional Division and assess a fine at $10,000.

Thus, the trial judge both received the verdict convicting appellant and pronounced the sentence assessed. Nothing further was required for appellant's conviction to be complete. *Id.* at 202. The purpose of the written judgment is simply to record that the conviction has occurred. Any irregularity in the written judgment would not render the conviction void. *Id.* (defective written judgment may be corrected nunc pro tunc without necessity of further judicial action).

The written judgment here is not defective in any regard. The judge who signed the judgment was a retired district judge who did not preside over the trial.[1] Although neither party so states, we presume that he was sitting by assignment pursuant to section 74.056 of the Texas Government Code. *See* Tex. Gov't Code § 74.056. The purpose of section 74.056 is to establish a system whereby qualified judges may be assigned to serve as "acting presiding judge" in the absence of the presiding judge and to hold court "to try cases and dispose of accumulated business." *Id.* § 74.056(a), (c). An acting presiding judge "has all the rights, duties and powers of the presiding

---

[1] Appellant's assertion in his brief that the judge who signed the written judgment was a sitting judge in another court is incorrect. The judge had retired from his elected position as a district judge almost two years before signing the judgment in this case.

3

judge." *Id*. § 74.056(c). Consequently, the assigned judge here had the same authority to sign the written judgment as would the judge who presided over the trial.

Appellant contends, however, that the assigned judge's authority is limited by article 42.01 of the Texas Code of Criminal Procedure. *See* Tex. Code Crim. Proc. art. 42.01. Article 42.01 states that the judgment is "the written declaration of the court *signed by the trial judge* and entered of record showing the conviction or acquittal of the defendant." *Id.* (emphasis added). Appellant maintains that this statute mandates that the judgment must be signed by "the trial judge who presided over the trial." The statute does not, however, impose such a requirement, but simply states that the judgment must be signed by "the trial judge." When construing a statute we do not read into the statute words that are not there. *See City of Rockwall v. Hughes*, 246 S.W.3d 621, 629 (Tex. 2008). We conclude that the term "trial judge" in article 42.01 includes any judge with the authority and jurisdiction to preside over the court in which the defendant was tried and is not necessarily limited to the judge who actually presided over the defendant's trial.

Appellant argues that such an interpretation of the statute could result in an incorrect judgment because the judge signing the written judgment may not be as familiar with the proceedings and their result. This concern does not justify limiting the authority of an assigned judge to sign a written judgment presented to him and thereby frustrating the purpose of assigning visiting judges to dispose of accumulated business of the district courts. As previously stated, the conviction occurs when the judge presiding over the trial receives the verdict and pronounces the sentence. In the event a judgment signed later by a different judge varies from the oral pronouncement of sentence, the oral pronouncement controls. *See, e.g.*, *Ex parte Manning*, 70 S.W.3d 131, 135 (Tex.

4

Crim. App. 2002). Moreover, a written judgment that does not accurately reflect the oral pronouncement at sentencing can be reformed. *See Banks v. State*, 708 S.W.2d 460, 461-62 (Tex. Crim. App. 1986).

Nothing in article 42.01 prohibits an assigned judge who did not preside over a trial from signing the written judgment. *See Eubanks v. State*, 11 S.W.3d 279, 281 (Tex. App.—Texarkana 1999, no pet.) (elected judge of court could sign written judgment even though she had no other relationship with case and even though assigned visiting judge pronounced judgment in open court); *Sparkman v. State*, 997 S.W.2d 660, 663 (Tex. App.—Texarkana 1999, no pet.) (same). We overrule appellant's appellate issue.

## CONCLUSION

Having overruled appellant's sole appellate issue, we affirm the judgment of conviction.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Goodwin and Field

Affirmed

Filed: June 25, 2013

5