Gary Keith WESTCOTT, Appellant,

v.

The STATE of Texas, Appellee.

No. 69138.

Court of Criminal Appeals of Texas,
En Banc.

June 1, 1983.

Frank S. Wright, William A. Bratton, III, Dallas, for appellant.

Robert Huttash, State's Atty., and Alfred Walker, Asst. State's Atty., Austin, for the State.

## OPINION

MILLER, Judge.

This is an appeal from a district court's denial of relief sought pursuant to a writ of habeas corpus filed by appellant, who is being held without bond under the authority of Art. 1, § 11a(2) of the Texas Constitution. Since the same district judge who denied the habeas corpus relief ordered appellant held without bail, we will consider this matter as if this were a direct appeal as contemplated by § 11a, supra.

A relevant chronology of events leading up to this appeal is as follows:

On September 28, 1982, appellant was arrested for aggravated assault, posted bond and was released from jail;

On October 7, 1982, appellant was indicted for aggravated assault;

On February 19, 1983, appellant was arrested for murder, posted bond and was released from jail;

On April 14, 1983, appellant was indicted for murder;

On April 18, 1983, the trial judge granted, ex parte, the State's motion that bond be denied pursuant to Art. 1, § 11a of the Texas Constitution;

On April 28, 1983, appellant was arrested when he appeared in court to answer the murder charge;

On May 3, 1983, a hearing was held on appellant's writ of habeas corpus in the trial court but the only evidence presented was a stipulation of the above chronology. The trial judge refused to alter his previous order commanding that appellant be held without bond.

Article 1, § 11a of the Texas Constitution reads, in pertinent part, as follows:

"Any person ... accused of a felony less than capital in this State, committed while on bail for a prior felony for which he has been indicted, ... after a hearing, and upon evidence substantially showing the guilt of the accused of the offense ... committed while on bail ..., may be denied bail pending trial, by a district judge in this State, if said order denying bail pending trial is issued within seven calendar days subsequent to the time of incarceration of the accused ...."

In order then to hold a defendant without bail under § 11a(2) above the following sequence of events must occur:

1. A defendant must be indicted for a felony and be out of jail on bond;
2. A defendant must be then accused of committing, while on that bond, a felony less than capital in this state;
3. A defendant must be arrested on the accusation in 2.;
4. A district judge must hold a hearing wherein the state must show substantial evidence of the defendant's guilt for the felony in 2 and the district judge must enter an order denying bond, all within seven days of the defendant's arrest in 2.

■ The district judge in this case apparently accepted the State's argument that he could issue an ex parte order denying bond after return of the murder indictment and hold a hearing within seven days of appellant's subsequent arrest (wherein the fact that the defendant had been indicted would apparently satisfy the requirement of substantial evidence of guilt). The state in essence would have Art. 1, § 11a, modified by use of Art. 11.57, V.A.C.C.P., so that the words "incarceration of the accused" would mean something other than appellant's February 19, 1983, arrest for murder. Such argument is, in its entirety, without merit. *Ex parte Davis,* 574 S.W.2d 166 (Tex.Cr. App.1978); *Ex parte Moore,* 594 S.W.2d 449 (Tex.Cr.App.1980); *Clapp v. State,* 639 S.W.2d 949 (Tex.Cr.App.1982).

It is apparent from the record that the district judge's order was not entered within 7 days of appellant's incarceration upon the murder accusation on February 19, 1983. Even had the order been timely entered, to this day no hearing as contemplated by Art. 1, § 11a, supra, has been held or substantial evidence of the guilt of the defendant offered in support of such an order. The judgment of the district court denying bail to the accused is reversed and the order denying bail is set aside. No motion for rehearing will be entertained.