**Enos KERSH, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 69,865.**

Court of Criminal Appeals of Texas, En Banc.

Sept. 23, 1987.

Clifton L. Holmes, Longview, for appellant.

Jack Skeen, Jr., Dist. Atty., and Keith W. Starr, Asst. Dist. Atty., Tyler, Robert Huttash, State's Atty., Austin, for State.

## OPINION

DUNCAN, Judge.

This is a direct appeal from a denial of bail by a district court pursuant to Art. I, § 11a of the Texas Constitution. The appellant's appeal was filed on September 10, 1987. Simultaneously, the appellant filed a motion requesting that due to the nature of the case and pursuant to Art. I, § 11a, *supra*, his appeal be expedited. This motion was granted and oral argument was heard on September 16, 1987.

The following undisputed dates and events are integral to the disposition of the appellant's complaint:

(1) On April 13, 1987 the appellant was arrested in Gregg County for the offense of aggravated assault which allegedly occurred on April 9, 1987;

(2) On May 6, 1987 the appellant posted a $5,000.00 appearance bond in the preceding offense and was released from jail;

(3) On May 20, 1987 the appellant was indicted for the Gregg County aggravated assault;

(4) While on bond for the Gregg County offense the defendant was arrested on July 11, 1987, by Smith County authorities, for another aggravated assault;

(5) He was held in the Smith County jail until July 23, 1987, at which time he posted bond in the amount of $15,-000.00 and was released from jail;

(6) Almost thirty days after his release on the $15,000.00 bond (August 24, 1987) the appellant was indicted for the Smith County aggravated assault;

(7) The following is noted on the trial court's docket sheet next to the date of August 24, 1987: "Bond was posted by Clifton Holmes, bond is insufficient, bond was raised to $30,000 and . . .;"

(8) On August 27, 1987, the appellant was arrested on the capias issued in conjunction with the "order" raising the bond;

(9) On that same date the State filed a Motion to Revoke Bond and Motion to Hold Defendant Without Bond;

(10) A hearing was held on the State's motion later that same day and the motion was granted.

The appellant presents two "Grounds of Error": first, he claims that "the evidence was insufficient to substantially show the guilt of the accused," Art. I, § 11a, *Tex. Const.* Second, the appellant asserts that "the trial court lacked jurisdiction to deny bond because more than seven calendar days passed between the appellant's incarceration and the filing of the State's Motion to Deny Bond."

Examining the appellant's second ground of error one should initially note that bond may be denied an accused in several limited circumstances and then only "if said order denying bail pending trial is issued within seven calendar days subsequent to the time of incarceration of the accused." Art. I, § 11a(2), *Tex. Const.* The State argues that the trial court has jurisdiction and may hear a motion to deny bail within seven days of an arrest following indictment, notwithstanding, as in this case, that a defendant has been previously arrested and jailed on the same offense that resulted in an indictment.

This Court was faced with similar facts and an identical issue in *Westcott v. State*, 651 S.W.2d 271 (Tex.Cr.App.1983). There, as here, the State in essence claimed that the "seven calendar days" began to expire when the defendant is indicted. Thus, then as now, "[t]he state in essence would have Art. I, § 11a modified by use of Art. 11.57, V.A.C.C.P., so that the words 'incarceration of the accused' would mean something other than appellant's ... [initial] arrest...." *Id.* at 272. And, again, then as now, "[s]uch argument is, in its entirety, without merit." *Id.* No matter how hard the State may wish otherwise, "incarceration" is not a synonym for "indictment." Consequently, when the appellant was arrested for aggravated assault on July 11, 1987, and placed in jail the "seven calendar days," Art. I, § 11a(2), *Tex. Const.*, began running.

Accordingly, the order denying bail is set aside. No motion for rehearing will be entertained.