736 S.W.2d 710 (1987)
Hector GARZA & Carol Hudson Keith, Appellants,
v.
The STATE of Texas, Appellee.
Nos. 69859, 69860.
Court of Criminal Appeals of Texas, En Banc.
September 30, 1987.
*711 John H. Hagler, Dallas, Barrett Keith Brown, Sherman, for appellants.
Robert Huttash, State's Atty., Austin, for the State.

OPINION
MILLER, Judge.
These are direct appeals from orders denying bail by a district court pursuant to Art. I, Sec. 11a, of the Texas Constitution.[1] At the hearing on the State's motion to deny bail, the district court found the evidence sufficient to substantially show the guilt of appellants[2] for the felony offense of unlawful possession of a controlled substance, V.A.T.S. Art. 4476-15, while awaiting trial on another felony. Therefore, bail was denied. Appellants argue that the district court was without jurisdiction to issue the orders denying bail pending trial because the orders were not issued within seven calendar days subsequent to their incarceration.[3] We agree with appellants and will set aside the orders denying bail.
The testimony at the hearing on the motion to deny bail established the following facts relevant to disposition of these appeals:
(1) Appellants were indicted in July, 1986, for the offense of unlawful possession of a controlled substance, Art. 4476-15, supra;
(2) While on bail for the above offense, appellants were arrested for another unlawful possession of a controlled substance charge on June 16, 1987, during execution of a narcotics search of a residence;
(3) Appellants were thereafter released on bond, but the date of their release is not specified in the record;
(4) Appellants were rearrested on July 20, 1987, for cocaine and heroin charges arising from the June 16, 1987, narcotics search; and
(5) The hearing on the State's motion to deny bail was held on July 21, 1987, and the motion was granted.
Appellants claim the orders denying bail were not issued within seven days from the date of their incarceration, as required by Art. 1, Sec. 11a, of the Texas Constitution. This Court has established that "incarceration" is not a synonym for "indictment" within the meaning of this constitutional provision. Kersh v. State, 736 S.W.2d 709 (Tex.Cr.App. 1987); and Westcott v. State, 651 S.W.2d 271 (Tex. Cr.App.1983). The word "incarceration" refers to appellants' initial arrest. Westcott, supra, at 272. See also Kersh, supra, at 710. The date of the filing of *712 charges against appellants is, therefore, irrelevant to this issue.
The facts show appellants' initial arrest for possession of controlled substances was on June 16, 1987, but the orders denying bail were not issued until July 21, 1987. We hold that the district court lost jurisdiction to deny bail since the orders denying bail were not issued within seven calendar days following appellants' initial incarceration.
Accordingly, the orders denying bail are set aside. No motion for rehearing will be entertained.
NOTES
[1] Article I, Sec. 11a, of the Texas Constitution provides in pertinent part:

"Any person ... accused of a felony less than capital in this State, committed while on bail for a prior felony for which he has been indicted, ... after a hearing, and upon evidence substantially showing the guilt of the accused of the offense ... committed while on bail ..., may be denied bail pending trial, by a district judge in this State, if said order denying bail pending trial is issued within seven calendar days subsequent to the time of incarceration of the accused ..."
[2] A single hearing on the motion to deny bail was held for both appellants, and a single brief was filed on their behalf. We dispose of their appeals in one opinion since their cases present identical issues.
[3] Appellants also challenge the sufficiency of the evidence; however, we need not address this claim because of our disposition of these appeals on appellants' first point of error.