**Will Frank WESTBROOK, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 70212.**

Court of Criminal Appeals of Texas, En Banc.

July 13, 1988.

William A. Bratton, III, Dallas, for appellant.

John Vance, Dist. Atty. and Donald G. Davis and Shannon Ross, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

OPINION

MILLER, Judge.

This an appeal from an order denying bail pursuant to Article 1, Sec. 11a, of the Texas Constitution. Appellant contends he is entitled to relief from the denial of bail because the district judge did not enter a written order denying him bail within seven days of his arrest and because the State failed to introduce substantial evidence of appellant's guilt of a felony committed while on bond for a prior felony conviction. We agree with appellant that a written order is required for a valid order denying bail. We therefore reverse the order denying appellant bail in this cause.

Appellant was found guilty on February 5, 1988, of the offense of possession of amphetamine of less than 28 grams and was assessed a five-year sentence and a $1000 fine. Appellant filed notice of appeal and was released on a $5000 appeal bond. The State then filed a Motion to Declare Bond Insufficient in that case, which was cause # F87–72698–I. In this motion, the State alleged that, on May 10, 1988, appellant was arrested and charged with aggravated possession of amphetamine of over 400 grams. The State also filed a motion to hold appellant without bond in this aggravated possession case, cause # F88–72559–I. In support of this motion, the State alleged appellant's conviction for possession of amphetamine on February 5, 1988, and appellant's subsequent arrest

and charge for aggravated possession of amphetamine.

A single hearing was held on May 13, 1988, on both of these motions. A statement of facts from that hearing has been made a part of this record. At the conclusion of the hearing, the trial court judge, who was a visiting judge, denied the motion to declare bail insufficient in cause # F87–72698–I, deferring that matter to the trial judge who regularly presides over that court. The visiting judge then orally granted the State's motion to deny bail in cause # F88–72559–I, involving appellant's charge for aggravated possession of amphetamine. His exact ruling was: "On the motion to deny bail, I will grant the motion." Appellant's counsel promptly gave written notice of appeal of the denial of bail at the hearing.

In his first point of error, appellant contends that the denial of bail was improper because the district court judge did not enter an order denying bail within seven days of appellant's arrest in accordance with Article I, Sec. 11a, of the Texas Constitution. Appellant argues that no order denying bail was entered by the district court judge because the judge's oral ruling denying bail at the hearing was not reduced to writing and entered as an order of the court. Essentially, appellant argues that our holding in *Westcott v. State*, 651 S.W.2d 271 (Tex.Cr.App.1983), interpreted Article I, Sec. 11a, as requiring a *written* order denying bail for an effective denial of bail. Although neither *Westcott*, supra, nor Article I, Sec. 11a, expressly requires a written order for an effective denial of bail, we agree with appellant that a written order is contemplated by both *Westcott*, supra, and Article I, Sec. 11a.

In discussing the context in which orders denying bail under this constitutional provision will be reviewed on appeal, this Court stated in *Lee v. State*, 683 S.W.2d 8 (Tex. Cr.App.1985):

"However, the general rule favors the allowance of bail"

\* \* \* \* \* \*

"Thus, when the State seeks to have bail denied under the provisions of Section 11a, the burden is on the State to show that there has been compliance with the strict limitations and safeguards within that section."

The section then will be strictly construed in favor of bail.

An order, as defined in 51 Tex.Jur.3d, Motion Procedure § 14, is a command, direction, or decision on a collateral or intermediate point in a case which is made when the judge announces his decision on the matter before him. When the district court judge in this cause announced his decision to grant the State's motion to deny bail to appellant, the judge made an order. However, this decision of the judge is not the equivalent of *entering* an order nor is it the same as *issuing* an order; this announcement from the judge is merely the order itself.

As we stated in *Westcott*, supra at 272, one of the requirements for a valid order denying bail is that:

"A district judge must hold a hearing wherein the state must show substantial evidence of the defendant's guilt for the felony [committed while on bond] and the district judge must *enter an order* denying bond...." (emphasis added)

Article I, Sec. 11a, states, in pertinent part, that:

"Any person ... may be denied bail pending trial, by a district judge in this State, if said order denying bail pending trial is *issued* within seven calendar days subsequent to the time of incarceration of the accused ..." (emphasis added).

Under the facts of this case, this trial judge neither entered nor issued an order.

 Moreover, when there is a time limit placed on the court's jurisdiction to act on a matter, an order must be in writing and signed by the trial judge. 51 Tex. Jur.3d, Motion Procedure, § 15. An order denying bail is not valid if it is not made within seven days of appellant's incarceration. See Article I, Sec. 11a. Thus, under both these rationales, the order denying appellant bail must be in writing to be

valid.[1]

Since the district court judge did not issue a written order denying bail to appellant, we hold that the order denying bail is invalid. Accordingly, we remand this cause to the district court so that bail may be set for appellant.

No motion for rehearing will be entertained. The clerk will issue the mandate.

CLINTON, Judge, concurring.

*Every once in a while, it seems, we must revisit a primer of elementary terminology to resolve a current problem.* So it is here with the meaning of "render," "enter" and "issue" when used as terms of art in the law.

A court "renders" a judgment or order when, orally in open court or by written memorandum signed by him and delivered to the clerk, the judge pronounces, states or declares a decision of the law upon given state of facts. Such rendition is a judicial act of pronouncing an ultimate *ruling* of the court upon the matter submitted for adjudication. *Comet Aluminum Company v. Dibrell,* 450 S.W.2d 56, at 58–59 (Tex.1970); *Ex parte Gnesoulis,* 525 S.W.2d 205 (Tex.Civ.App.—Houston [14th] 1975), and cases cited therein at 209; Black's Law Dictionary (Revised Fourth Edition) (*"Black's"*) 625 and 1460.

There is a "substantial distinction ... between the rendition and the entry of a judgment." *Coleman v. Zapp,* 105 Tex. 491, 151 S.W. 1040, at 1041 (1912); *Ex parte Gnesoulis,* supra, at 209; *Black's,* supra, at 1460.*

Once rendered, a decision must be "entered" of record; that is, it will be "spread upon the record" of the court by the clerk. As applied to judgments and other appeal-

able orders rendered by a trial court, "entered of record" within contemplation of, e.g., Article 42.01, V.A.C.C.P., means "entered in the minutes of the court." *Moore v. State,* 156 Tex.Cr.App. 615, 245 S.W.2d 491 (1952); *Ellis v. State,* 140 Tex.Cr.R. 339, 145 S.W.2d 176 (1940); 25 Tex.Jur.3d 593–594, *Criminal Law,* § 3638. "[Entry] In general." Entering it is "the ministerial act by which an enduring evidence of the judicial act is afforded," *Coleman v. Zapp,* 105 Tex. 491, 151 S.W. 1040, at 1041 (1912), "thus furnishing external and incontestable evidence of the [decision rendered], and designed to stand as a perpetual memorial of [the court's] action." *Winstead v. Evan,* 33 S.W. 580 (Tex.Civ.App.1896), quoting favorably from Black, Judgments § 106; *Black's,* supra, at 625.

To "issue" means to "send out officially; to deliver, for use, or authoritatively." *Black's,* at 964. For example, one duty of a court clerk is to "issue all process" in criminal proceedings. Article 2.24. V.A.C. C.P. Of course, in varied circumstances a magistrate is authorized directly to issue process and orders, including a warrant to arrest an accused admitted to bail and require sufficient bond and security according to the nature of the case, Article 16.16, *Id.;* to make an order after examining trial committing him to jail, discharging him or admitting him to bail, Article 16.17, *Id.;* when bail is not given, to make an order committing him to jail, and to issue a commitment accordingly, Article 17.27, *Id.*

In the instant cause, then, while the judge "rendered" a decision ordering that applicant be denied bail, the order was never "entered of record" and, therefore, there was none for the clerk or judge, as magistrate, to "issue" to the sheriff to hold applicant without bail.

---

1. We also agree with and adopt the scholarly reasoning in our brother Clinton's concurring opinion.

* One distinction is in means to correct error, *viz:* "The law is now well settled that clerical errors in the 'entry' of a judgment, previously rendered, may be corrected ... by a nunc pro tunc judgment, but that judicial errors in the 'rendition' of a judgment may not be so corrected. [Citations omitted). Judicial errors committed in the rendition of judgment must be corrected by appeal, writ of error or bill of review." *Comet Aluminum Company v. Dibrell,* supra, at 58. Compare Tex.R.App.Pro. Rule 36, formerly article 42.06, V.A.C.C.P.

Accordingly, I join the opinion of the Court.