### Ex parte Robert Charles JOHNSON.

### No. 71809.

Court of Criminal Appeals of Texas, En Banc.

May 11, 1994.

OPINION

CLINTON, Judge.

This is a pretrial application for writ of habeas corpus seeking relief from an order effectively denying bail rendered by a visiting district judge.

I

We are immediately confronted with a series of unconscionable miscues commencing January 12, 1994, with arrest and incarceration of applicant for possession of a controlled substance, and what appears to be an unauthorized detention of his person without bail. See Constitution of Texas, Article I, § 11 (all prisoners shall be bailable unless for capital offenses); *id.*, § 11a(a) (given specified circumstances of accused, bail may be denied in noncapital cases upon requisite showing by order issued within seven days after incarceration of accused).

January 18, six days after arrest, still detained without bail, applicant filed his application for this writ or alternatively for reduction in bail, contending he was being illegally restrained in his liberty by the sheriff of Harris County "in lieu of NO BOND."[1] He pleaded the bail was "excessive, oppressive and beyond [his] means," and prayed that the court set "a reasonable bail ... in the amount of $5,000." Tr. 3–4. A *regular* judge presiding issued a writ that day; it contains the notation: "Bail fixed at $0 pending hearing." Tr. 6; see also II S.F. State's Exhibit No. 1.

On January 25, before return of the writ, a *visiting* judge convened a hearing thereon. Applicant and his wife testified to his circumstances in the premises; the State established applicant had been previously convicted of at least two prior felonies. The hearing was recessed and resumed on January 31.

Meanwhile the sheriff returned the writ also on January 25 but after the hearing was recessed. According to the return applicant was being held by virtue of a felony informa-

Joseph M. Rumbaut, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., and Scott A. Durfee, Asst. Dist. Atty., Houston, Robert Huttash, State's Atty., Austin, for the State.

---

1. Emphasis in original; all other emphasis in this opinion is mine unless otherwise indicated.

tion filed January 13 charging possession of cocaine "LT 05g crack." II S.F. State's Exhibit No. 1.

When the habeas hearing resumed January 31 before the same visiting judge, the returned writ was received in evidence, parties closed and counsel for applicant sought to be heard on argument. Although first rebuffed by the habeas judge, counsel did manage a short submission which the judge promptly "denied," commenting that applicant could appeal and "I will be happy to comply if they require that a bond be set."[2] Finding that applicant was "legally held in custody and under restraint of [his] liberty [by the sheriff]," the judge denied relief and remanded him to custody. Tr. 10. He never sought to justify the basis for his ruling. II S.F. 3–4.

The same day applicant filed written notice of appeal to the court of appeals, and requested the habeas court to set an appeal bond. That portion of the form for the court to set the amount is still blank and unsigned by the judge. Tr. 12.

## II

■ Apparently some of those involved were acting under the impression that the habeas proceeding for bail was being conducted pursuant to provisions of Article I, § 11a(a). Of course it was not since, as counsel for applicant correctly pointed out to the habeas judge, no timely hearing was held; the hearing actually held and order denying relief came more than seven calendar days "subsequent to the *time of incarceration of the accused.*" *Id.,* § 11a(a), supra. By then the habeas court lacked jurisdiction, power and authority to deny bail pursuant to § 11a(a). *Wescott v. State,* 651 S.W.2d 271

(Tex.Cr.App.1983), and authorities collected at 272; *Ex parte Miles,* supra.

■ On the other hand, where, as here, § 11a(a) is not applicable, § 11 mandates that bail be fixed, and there is no statutory deterrence to the habeas court setting bail. See Articles 17.01 and 17.15 (bail not to be used as instrument of oppression); see also 17.151 (release because of delay).

Applicant immediately appealed from the adverse order to the court of appeals. See Article 44.02, V.A.C.C.P; Tex.R.App.Pro. 44. He was then entitled to bail from the habeas court pending appeal under Article 44.35, V.A.C.C.P. But, alas, the court of appeals promptly dismissed his appeal—on the mistaken belief that the appeal was from an order denying bail under § 11a(a), and thus this Court had exclusive jurisdiction. To his point of error that he was entitled have bail set under Articles 1.07 and 17.15, the appellate court rationalized:

"... The trial court has not set an excessive bail, instead it has denied bail. As stated above, any complaint about the denial of bail must be raised with the Court of Criminal Appeals. Therefore, appellant's second point of error is premature."

*Johnson v. State* (Tex.App.—Houston [14th] No. 14–94–00098–CR, March 10, 1994).[3]

## III

■ Applicant filed here what purports to be a direct appeal from the habeas court. Brief for Appellant, at 5 ("in support of his appeal from the trial court's denial of his Writ of Habeas Corpus for excessive bail"). He asserts that written notice of appeal was filed January 31, and that "this Court has jurisdiction pursuant to Rule 44, T.R.A.P." *Ibid.* Even a cursory reading of that rule, however, reveals that only when an appeal to

**2.** Counsel pointed out that according to Article I, § 11a(a):

"... State must at hearing within seven days of the arrest of the defendant justify the no bond and there is no record before you, Your Honor, saying that there was such hearing within seven days."

II S.F. 3–4. Counsel cited *Miles v. State* [presumably *Ex parte Miles,* 474 S.W.2d 224 (Tex.Cr. App.1971)] for the proposition that at hearing the State must have "witnesses to confront to

justify that bond," and "since there has been no such hearing the defendant is entitled to a bond." He explained, "That's what we presented evidence, under 17.15 bond [V.A.C.C.P.], we are entitled to make." *Id.,* at 4. The judge responded, "I am going to deny it. [et cetera]."

**3.** We observe that in preparing its per curiam opinion the court of appeals practically tracked the reply in State's Appellate Brief, and thus was led into error.

the court of appeals produces a reversal of the judgment below may its mandate be stayed and its judgment be examined by this Court in exercise of its discretionary review authority.[4] A judgment dismissing the appeal is not subject to review under Rule 44, although it might be on timely petition for discretionary review under Section Fifteen, Rule 200, T.R.A.P.

■ Arguably, we could treat this matter as if it were a direct appeal contemplated by § 11a(a); the State persuaded the court of appeals to do so, and although neither cited it, in *Wescott v. State*, supra, this Court did just that. For reasons developed in the margin, however, we believe the Court cannot justify considering this cause an appeal under § 11a(a).[5] Indeed, now the State concedes the habeas court erred in entering the order denying bail, and submits that the order "should be vacated and this case remanded to the trial court." State's Appellate Brief, at 2, 3.[6]

We conclude there is an authorized way out this maze to expedite a fair resolution of the unconstitutional situation the courts below have created for this applicant, that is, being illegally confined without bail since his arrest on January 12, 1994.

4. We observe, however, that the special appellate procedure provided by Rule 44 does not preclude a defendant from seeking and this Court from reviewing in regular order a decision of the court of appeals *affirming* the judgment below in a bail matter.

5. In *Wescott v. State*, supra, this Court did so solely because "the same district judge who denied the habeas corpus relief ordered [accused] held without bail." *Id.*, 651 S.W.2d at 271. Such commonality does not exist here, and the underlying facts of the case are materially different.

Wescott had previously been arrested in February for murder; he posted bond and was released from custody. Some fifty days later in April he was indicted for murder; four days after indictment the trial judge, accepting contentions that he could issue an *ex parte* order denying bail and hold a hearing within seven days after arrest, granted *ex parte* State's motion to deny bail pursuant to § 11a. Ten days thereafter Wescott was again arrested. In May his application for habeas relief was denied without any requisite evidence, the judge refusing to alter his previous order that Wescott be held without bail. *Id.*, 651 S.W.2d at 271–272.

That this Court has habeas corpus jurisdiction, power and authority cannot be doubted. Article V, § 5, Texas Constitution; Articles 4.04, § 1, and 11.05, V.A.C.C.P. Accordingly we will issue the writ and, pursuant to Articles 11.06 and 11.07, § 1, V.A.C.C.P., make it returnable to the 180th District Court of Harris County, directing that court to proceed in accordance with the constitutional mandate of Article I, § 11, and under the statutory authority and procedure laid out in Chapter Eleven, V.A.C.C.P.

IT IS SO ORDERED.

CAMPBELL, J., concurs in the result.

BAIRD, Judge, concurring.

Contrary to the majority, I believe art. I, § 11a vests this Court with exclusive appellate jurisdiction of *all* non-capital cases where bail has been denied.

## I.

Applicant was arrested on January 12, 1994, for possession of a controlled substance. Applicant filed an application for writ of habeas corpus on January 18, 1994, contending he was illegally restrained be-

In the instant cause, whatever or whoever initially caused applicant to be held without bail is not shown to be acting under § 11a. There is no motion by the State to deny bail. From the practice in this local jurisdiction judicially known to this Court, we may infer that applicant was afforded the indigenous "PIA" hearing before a district judge sitting as magistrate on a complaint bearing the ubiquitous notation "no bond." However, from the record we may not infer that the magistrate merely avoided the matter of bail altogether to preserve the *status quo ante*, or affirmatively ordered that bail be denied. But whatever the outcome there, it moved applicant to seek relief by way of habeas corpus, claiming that "he was being held without bail." Indeed, the notation on the writ confirms his claim. See *ante*, at 341.

The scenario presented here is generically distinguishable from *Wescott*.

6. Alternatively, we could suspend the rules of appellate procedure and treat applicant's pleading and papers as his petition for discretionary review to review the decision and judgment of the Houston [14th] Court of Appeals dismissing his appeal from the order of the habeas court. But further delay attendant thereto counsels otherwise.

cause he was being held without bail. The habeas judge issued the writ and conducted a hearing. At the hearing the State did not offer any testimony or contend bail should be denied. Applicant presented evidence he was forty-eight years of age and had been married for eighteen years. Applicant and his wife had two children and had lived in the same residence since their marriage. Applicant was self-employed as a carpenter with several pending contracts. Applicant testified he had been previously convicted and was on parole but testified he reported as required by his conditions of parole. Further, applicant was released on bail prior to his previous convictions. Nevertheless, the habeas judge denied bail stating: "You can appeal it. They want to come back and I am here, I will be happy to comply if they require that a bond be set."

## II.

As a general rule bail may not be denied. Tex. Const. art. I, § 11.[1] There are only five exceptions to this general rule, capital cases "where proof is evident," [2] art. I, § 11, and in non-capital cases when the defendant is accused

1. of a felony and has been twice previously convicted of a felony;

2. of a felony committed while on bail for a prior felony for which he has been indicted;

3. of a felony involving the use of a deadly weapon and has been previously convicted of a felony; or

4. of a violent or sexual offense committed while under the supervision of a criminal justice agency.

Art. I, § 11a.[3]

However, even in these non-capital situations bail may be denied only after a hearing wherein the State produces evidence substantially showing the defendant's guilt. And the order denying bail must be entered within seven calendar days of the defendant's incarceration. Tex. Const. art. I, § 11a. *See also, Neuenschwander v. State,* 784 S.W.2d 418, 420 (Tex.Cr.App.1990); *Garza v. State,* 736 S.W.2d 710, 711 (Tex.Cr.App.1987); *and, Westbrook v. State,* 753 S.W.2d 158, 159 (Tex. Cr.App.1988). Consequently, in a non-capital case, bail can be denied only if: 1) one or more of the art. I, § 11a situations exist; 2)

1. Art. I, § 11 provides:
   All prisoners shall be bailable by sufficient sureties, unless for capital offenses, when the proof is evident; but this provision shall not be so construed as to prevent bail after indictment found upon examination of the evidence, in such manner as may be prescribed by law.

2. The phrase "proof is evident" means clear and strong evidence, leading to a well guarded judgment to the conclusion that an offense was committed, that the accused is guilty of that offense and that the accused would probably be punished by death for the commission of that offense. *Beck v. State,* 648 S.W.2d 7, 9 (Tex.Cr. App.1983).

3. Specifically, Tex. Const. art. I, § 11a(a) provides:
   Any person (1) accused of a felony less than capital in this State, who has been theretofore twice convicted of a felony, the second conviction being subsequent to the first, both in point of time of commission of the offense and conviction therefor, (2) accused of a felony less than capital in this State, committed while on bail for a prior felony for which he has been indicted, (3) accused of a felony less than capital in this State involving the use of a deadly weapon after being convicted of a prior felony, or (4) accused of a violent or sexual offense

committed while under the supervision of a criminal justice agency of the State or a political subdivision of the State for a prior felony, after a hearing, and upon evidence substantially showing the guilt of the accused of the offense in (1) or (3) above, of the offense committed while on bail in (2) above, or of the offense in (4) above committed while under the supervision of a criminal justice agency of the State or a political subdivision of the State for a prior felony, may be denied bail pending trial, by a district judge in this State, if said order denying bail pending trial is issued within seven calendar days subsequent to the time of incarceration of the accused; provided, however, that if the accused is not accorded a trial upon the accusation under (1) or (3) above, the accusation and indictment used under (2) above, or the accusation or indictment used under (4) above within sixty (60) days from the time of his incarceration upon the accusation, the order denying bail shall be automatically set aside, unless a continuance is obtained upon the motion or request of the accused; provided, further, that the right of appeal to the Court of Criminal Appeals of this State is expressly accorded the accused for a review of any judgment or order made hereunder, and said appeal shall be given preference by the Court of Criminal Appeals.

the State makes a substantial showing of the defendant's guilt; and, 3) the trial judge enters an order denying bail within seven days of the defendant's incarceration. Finally, art. I, § 11a provides for our review of "any" order denying bail in a non-capital case.

## III.

Prior to 1980 this Court had direct review of all criminal cases. However, in 1980, Tex. Const. art. V, §§ 5 and 6 was amended to give the courts of appeals direct appellate jurisdiction in most criminal cases. Acts 1979, 66th Leg., p. 3224, S.J.R. No. 36, § 5. In *Clapp v. State*, 639 S.W.2d 949 (Tex.Cr. App.1982), our appellate jurisdiction of an order denying bail was challenged. Clapp was charged with possession of a controlled substance and the trial judge denied bail. Clapp appealed to this Court under art. I, § 11a. The State contended we no longer had jurisdiction to directly review an order denying bail after the 1980 amendments to art. V, §§ 5 and 6. *Clapp*, 639 S.W.2d at 950–951. We recognized the conflict between art. V, §§ 5 and 6 and art. I, § 11a but held the general grant of jurisdiction in art. V, §§ 5 and 6 must yield to the specific grant of jurisdiction in art. I, § 11a. *Clapp*, 639 S.W.2d at 952. Therefore, we retained exclusive appellate jurisdiction over any order denying bail in a non-capital case.

In summary, under our interpretation of art. I, §§ 11 and 11a and the 1980 amendments to art. V, §§ 5 and 6 we have exclusive appellate jurisdiction of all orders denying bail in non-capital cases while the courts of appeals have direct appellate jurisdiction of all orders denying bail in capital cases.[4] This view is supported by *Wescott*, 651 S.W.2d

4. In *Beck v. State*, 648 S.W.2d 7 (Tex.Cr.App. 1983), and *Primrose v. State*, 725 S.W.2d 254 (Tex.Cr.App.1987), the defendants were charged with capital murder, denied bail and sought our direct review of the denial. We distinguished *Clapp* and held we had no direct appellate jurisdiction from the denial of bail in a capital case. *Primrose*, 725 S.W.2d at 256. While art. I, § 11a expressly authorized a direct appeal to this Court, art. I, § 11 did not authorize such an appeal. Therefore, when bail is denied in a capital case, direct appellate jurisdiction lies in the courts of appeals. *See*, Tex. Const. art. V, §§ 5 and 6, *and*, Tex.R.App.P. 44.

271, where the defendant filed an application for writ of habeas corpus contending he was illegally restrained because bail had been denied. *Id.* We handled the matter as an art. I, § 11a direct appeal because, *regardless of the type of vehicle chosen to challenge the order denying of bail*, any order denying bail was appealable to this Court.

## IV.

The majority concludes this is *not* an art. I, § 11a situation. Majority op., 876 S.W.2d at 342. In my view, that conclusion is erroneous. Any order denying bail in a non-capital case is *necessarily* entered pursuant to art. I, § 11a, because that is the *only* authority for denying bail. Art. I, § 11a provides for our review of "any judgment or order" denying bail. The order denying bail may be erroneous, as in the instant case, but that determination is exclusively within the jurisdiction of this Court. Accordingly, the majority errs in holding the Court of Appeals had jurisdiction of this case.[5] Majority op., 876 S.W.2d at 342.

Any confusion in this area of law is the direct result of our past attempts to interpret art. I, § 11a. The majority opinion will only add to that confusion. We should use this case to establish the following bright line rule relating to bail pending trial: The Court of Criminal Appeals has exclusive appellate jurisdiction of all non-capital cases where bail has been denied and the Courts of Appeals have exclusive direct appellate jurisdiction of all capital cases where bail has been denied and all non-capital cases where bail is challenged as being excessive or unreasonable.

The Courts of Appeals also have direct appellate jurisdiction of questions concerning whether bail is excessive or unreasonable. Tex.R.App.P. 44.

5. The majority begins its opinion by stating this case involves a "series of unconscionable miscues." Majority op., 876 S.W.2d at 341. I disagree. In my view, the Court of Appeals correctly noted that this case did *not* involve excessive bail but instead involved the denial of bail. Consequently, the appeal was correctly dismissed by the Court of Appeals for want of jurisdiction.

With these comments, I join only the judgment of the Court.

OVERSTREET, J., joins.