Directory:















Opinion issued October
14, 2010.



In The

Court of
Appeals

For The

First
District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-10-00458-CR

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



kenneth broussard Appellant

V.

 

THE
STATE OF TEXAS,
Appellee

 

 



On
Appeal from the 239th District Court

Brazoria
County, Texas

Trial Court
Cause No. 61951

 

 



MEMORANDUM
OPINION

          Appellant Kenneth Broussard attempts to appeal an oral
ruling denying relief on his application for writ of habeas corpus seeking a
bond reduction.  See Tex. R. App. P. 31.1
(discussing filing requirements in appeal from judgment or order in habeas
corpus or bail proceeding); Ex parte
Smith, 178 S.W.3d 797, 802 (Tex. Crim. App. 2005) (holding that denial of
relief on pretrial application for writ of habeas corpus may be appealed
immediately).  The application for writ
of habeas corpus was filed in the same cause number as the pending criminal
case against appellant.[1]  Contra Greenwell
v. Court of Appeals for the Thirteenth Judicial Dist., 159 S.W.3d 645, 649–50 (Tex. Crim. App. 2005) (explaining
that right to immediate appeal exists in habeas corpus proceeding because habeas
corpus proceeding is separate from criminal prosecution and therefore denial of
relief in habeas corpus proceeding marks end of trial stage of habeas action
and commencement of timetable for appeal in that action).  No signed, written order on appellant’s
application appears in the record on appeal and the trial clerk has certified
that none exists.

Appellant’s application
for writ of habeas corpus sought a reduction of bail from $80,000 to $15,000 in
a pending sexual assault case.  At the
May 27, 2010 hearing on the merits of appellant’s application, only appellant
testified and no other evidence was offered by either party.  At the conclusion of the hearing, the trial judge
stated, “Bond remains at $80,000,” and the docket sheet reflects the notation “Bond
remains @ $80,000.  Daniel R. Sklar.”[2]  Appellant’s May 28, 2010 notice of appeal
states that he is appealing from “the Order setting bail in the above cause
[the criminal cause number] on May 28th, 2010 in the amount of
$80,000.”  However, no May 28, 2010 order
setting bail at $80,000 appears in the record nor does any order pertaining to
bail, signed by the trial court on or after May 27, 2010, appear in the record.[3]  

We requested both parties to brief
the question of our jurisdiction over this appeal in light of the lack of a signed
written order on the issue before us. 
Only the State responded to this request, arguing that we have no
jurisdiction to consider this attempted appeal. 
We agree.

 This Court has jurisdiction to consider
appeals from a judgment or order in a habeas corpus proceeding.  See Tex. R. App. P. 31.1.  A docket sheet entry is neither a judgment
nor an order.  In re Bill Heard Chevrolet, Ltd.,
209 S.W.3d 311, 315 (Tex. App.—Houston [1st Dist.] 2006) (orig. proceeding) (holding
that docket sheet entry does not ordinarily form part of record that can be
considered on appeal and cannot take place of written judgment or order); see also Loper v. Hosier, 148 S.W.2d
889, 891 (Tex. App.—Dallas 1941, writ dism’d judgm’t cor.) (discussing
distinction between pronouncement or rendition of judgment or order and entry
of same and noting that “[a]s a rule, a mere docket entry is not sufficient to
constitute a judgment or decree of the court [and therefore . . . .] it has
been held that a brief notation on the docket to the effect that a motion is
overruled will not be considered as an order or judgment of the court.”
(internal quotes and citations omitted)).  Likewise, an oral ruling does not constitute
the “ent[ry of] an appealable order” for the purposes of perfecting
appeal.  See Tex. R. App. P. 26.2(a)(1)
(providing that appellant must file a notice of appeal “within 30 days . . . after
the day the trial court enters an appealable order”);  State
ex rel. Sutton v. Bage,  822 S.W.2d
55, 56–57 (Tex. Crim. App. 1992) (interpreting phrase “entered by the court” as
meaning signing of order by trial judge); State
v. Rosenbaum, 818 S.W.2d 398, 401–02 (Tex. Crim. App. 1991) (same); [4] see also Ex parte Nunes, No. PD-0974-05, 2006 WL 1171163, at *5
(Tex. Crim. App. May 3, 2006) (not designated for publication) (discussing
interpretation of “enter” in Rule 26.2(a)(1) in light of decision in Rosenbaum and Bage); Westbrook v. State,
753 S.W.2d 158, 159, 160 n.1 (Tex. Crim. App. 1988) (requiring written order
denying bail in order for order to be effective and adopting reasoning of
concurring opinion by J. Clinton); id. at 160 (J. Clinton, concurring)
(explaining meaning of “render, “enter,” and “issue,”  and concluding that trial court “rendered” decision
when it made oral pronouncement denying bail, but order was never “entered”
because it was not reduced to writing).

Because the record before us contains no written
signed order by the trial court, there is no evidence in the record of the
entry of any appealable order or judgment in appellant’s habeas corpus action.  We therefore dismiss this appeal for want of
jurisdiction.[5]  

 

 

PER CURIAM

Panel consists of Justices Jennings, Alcala, and
Sharp.

Do not publish. 
Tex. R.  App.  P.
47.2(b).











[1]
              A
habeas corpus action is a separate and distinct action from the proceeding in
the criminal prosecution in which it arises and a ruling in a habeas corpus
action is not a ruling in the criminal case. 
See Greenwell v. Court of Appeals
for the Thirteenth Judicial Dist., 159 S.W.3d 645, 649–50 (Tex. Crim. App.
2005).  Accordingly, habeas corpus actions should
be docketed separately and given a different cause number.  Green v. State, 999 S.W.2d
474, 477 (Tex. App.—Fort Worth 1999, pet. ref’d). 





[2]               The
Honorable Daniel Sklar presided over the May 27, 2010 hearing. 

 





[3]
              There
is a criminal complaint in the record that appears immediately after the
State’s response to the writ of habeas corpus. 
It is not listed as a separate item in the record, which suggests that
it was attached to the State’s response. 
The complaint is dated as signed by the affiant on March 12, 2010, and
it includes a handwritten notation “Bond $80,000” in two places.  There are no other dates on the document and
there is nothing in the record that indicates who made the notation about bond
or when.





[4]
              Our
sister court in Houston has applied this reasoning in the context of an appeal
of the denial of a motion to reduce an appellate bond.  See Lowe v. State, No.
14-00-01110-CR, 2001 WL 101771, at *2 (Tex. App.—Houston [14th Dist.]  February 8, 2001, no pet.) (per curiam) (not
designated for publication) (holding that when there was no signed, written
order on appellant’s request for lower appellate bond, court of appeals had no
jurisdiction over appeal).  Our sister court in Tyler has likewise held in the
context of an appeal from the denial of a pretrial writ of habeas corpus.  See Wallace v. State,
Nos. 12-01-00353-CR, 12-01-00354-CR, 2002 WL 657396, at *1 (Tex. App.—Tyler
April 12, 2002, no pet.) (per curiam) (not designated for publication) (dismissing
appeal of pretrial writ of habeas corpus complaining of excessive bail for want
of jurisdiction because, although trial court made oral pronouncement, no
signed, written order appeared in record).

 





[5]
              This dismissal is made without prejudice to appellant’s right to
file a notice of appeal after the entry of a signed, written order by the trial
court.