**Order entered September 28, 2021**



## In The
## Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-21-00752-CR

## EX PARTE JOHN NATHANIEL THOMPSON

### On Appeal from the 219th Judicial District Court
### Collin County, Texas
### Trial Court Cause No. 219-80629-2021

### ORDER

Before the Court is appellant's September 17, 2021 pro se letter requesting an extension of time to file the docketing statement in this case[1] and appointment of appellate counsel. We **DENY** the request for appointment of appellate counsel. Because appellant has filed the docketing statement, we **DENY AS MOOT** the request for extension of time to file the docketing statement.

The clerk's record has been filed in this case. The record shows appellant filed both a motion to reduce his bond and an application for writ of habeas corpus

---

[1] Appellant also requests the same relief in cause no. 05-21-00751-CR, a cause the Court dismissed by opinion issued on September 21, 2021. Because the matters appellant raises are now moot in cause no. 05-21-00751-CR, we will address only appellant's requests regarding cause no. 05-21-00752-CR.

seeking a bond. The clerk's record does not contain a final, written order ruling on either the bond reduction motion or appellant's application for writ of habeas corpus. Appellant's notice of appeal states he is appealing "the trial court's judgment rendered on August 16, 2021." According to the trial court's docket sheet, the trial court conducted a "bond hearing" on that date and denied a "bond reduction."

Appellant may appeal the denial of habeas relief, but the Court does not have jurisdiction to entertain an appeal from denial of a motion to reduce a pretrial bond. *See Ragston v. State*, 424 S.W.3d 49, 52 (Tex. Crim. App. 2014); *see also Ex parte Peyton*, No. 02-16-00029-CR, 2016 WL 2586698, at *1 n.2 (Tex. App.—Fort Worth May 5, 2016, pet. dism'd) (mem. op., not designated for publication) (court of appeals has jurisdiction to review denial of habeas relief, but not denial of motion seeking bail reduction).

To perfect an appeal from the denial of habeas relief, there must be a final, written order. *See State v. Sanavongxay*, 407 S.W.3d 252, 258 (Tex. Crim. App. 2012); *Westbrook v. State*, 753 S.W.2d 158, 159–60 & n.1 (Tex. Crim. App. 1988); *see also Ex parte Terry*, No. 12-20-00006-CR, 2020 WL 827591, at *1 (Tex. App.—Tyler Feb. 19, 2020, no pet.) (mem. op., not designated for publication) (habeas appeal seeking bond reduction must be dismissed if no final written order has been entered). The trial court's docket sheet entry does not constitute an

appealable order. *See State v. Shaw*, 4 S.W.3d 875, 878 (Tex. App.—Dallas 1999, no pet.).

Because the clerk's record filed does not show the trial court has entered a final, written order ruling on appellant's habeas application, the Court questions its jurisdiction over the appeal. On or after **October 12, 2021**, the Court will consider dismissing this appeal unless, by that date, either (1) a supplemental clerk's record is filed showing the trial court has entered a final order on appellant's application for habeas corpus seeking release or (2) appellant files a letter brief explaining the basis for the Court's jurisdiction. If appellant files a letter brief, the State may file a response to the brief on or before **October 26, 2021**.

After supplementation of the record or the filing of jurisdictional briefs, if any, the Court will either dismiss the appeal for want of jurisdiction or issue an order setting further deadlines in this case.

/s/    LANA MYERS
        JUSTICE