**DISMISS and Opinion Filed February 2, 2022**



In The
# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-21-01178-CR

## EX PARTE EDRICK PAUL FULLER

**On Appeal from the Criminal District Court No. 3**
**Dallas County, Texas**
**Trial Court Cause No. WX21-93120-J**

## MEMORANDUM OPINION

Before Justices Schenck, Osborne, and Partida-Kipness
Opinion by Justice Partida-Kipness

Edrick Paul Fuller's November 30, 2021 notice of appeal was forwarded to this Court on December 31, 2021, along with a copy of the trial court's docket sheet. The clerk's record, filed January 20, 2022, shows that on November 12, 2021, appellant filed an "Application for Pre-Indictment Habeas Corpus Relief," seeking to dismiss the prosecution with prejudice for failure to provide a speedy trial. For the reasons that follow, we dismiss this appeal.

Although the trial court's docket sheet notes "Application for Pre-Indictment Habeas Corpus Denied" and "Motion for Speedy Trial Denied" on November 30, 2021, the clerk's record does not contain a written order memorializing the trial court's rulings. To perfect an appeal in criminal cases when no motion for new trial

is filed, a notice of appeal must be filed within thirty days after the day sentence is imposed, or after the day the trial court enters an appealable order. TEX. R. APP. P. 26.2(1). Texas courts have held that "entered" by the court means a signed, written order. *See State v. Sanavongxay*, 407 S.W.3d 252, 258 (Tex. Crim. App. 2012); *State v. Rosenbaum*, 818 S.W.2d 398, 401-02 (Tex. Crim. App. 1991); *Westbrook v. State*, 753 S.W.2d 158, 159–60 (Tex. Crim. App. 1988). A docket sheet entry does not satisfy the requirements of a written order. *State v. Shaw*, 4 S.W.3d 875, 878 (Tex. App.—Dallas 1999, no pet.). When, as here, there is no written order from which to appeal, the court of appeals lacks jurisdiction over the appeal. *See Sanavongxay*, 407 S.W.3d at 259 (concluding that lack of written order leaves court of appeals without jurisdiction over appeal); *Nikrasch v. State*, 698 S.W.2d 443, 450 (Tex. App.—Dallas 1985, no pet.) (court of appeals has no jurisdiction over appeal absent written judgment or order).

Furthermore, even assuming the trial court were to sign a written order denying appellant's application for writ of habeas corpus, we would nevertheless dismiss this appeal because an application for a pretrial writ of habeas corpus may not be used to assert a violation of one's right to a speedy trial. *United States v. MacDonald*, 435 U.S. 850, 858 (1978); *Ex parte Doster*, 303 S.W.3d 720, 724 (Tex. Crim. App. 2010); *Ex parte Weise*, 55 S.W.3d 617, 620 (Tex. Crim. App. 2001). And, to the extent the trial court might have treated appellant's application for a writ of habeas corpus as a motion for a speedy trial, we would still dismiss for want of

jurisdiction because a defendant may challenge the denial of a motion for a speedy trial only following conviction. *Ex parte Weise*, 55 S.W.3d at 620; *see Ex parte Delbert*, 582 S.W.2d 145, 146 (Tex. Crim. App. [Panel Op.] 1979) (defendant may not take interlocutory appeal from pretrial order denying motion to dismiss due to alleged violation of right to speedy trial).

For these reasons, we conclude we must dismiss this appeal.

/Robbie Partida-Kipness/
ROBBIE PARTIDA-KIPNESS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
211178F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

EX PARTE EDRICK PAUL
FULLER


No. 05-21-01178-CR

On Appeal from the Criminal District
Court No. 3, Dallas County, Texas
Trial Court Cause No. WX21-93120-
J.
Opinion delivered by Justice Partida-
Kipness. Justices Schenck and
Osborne participating.


Based on the Court's opinion of this date, we **DISMISS** this appeal.


Judgment entered February 2, 2022