# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-24-00536-CR

---

**The State of Texas, Appellant**

**v.**

**Robert Chody, Appellee**

---

**FROM THE 299TH DISTRICT COURT OF TRAVIS COUNTY**
**NO. D-1-DC-24-904060, THE HONORABLE KAREN SAGE, JUDGE PRESIDING**

---

## D I S S E N T I N G   O P I N I O N

After presenting testimony from seven prosecution witnesses in Robert Chody's jury trial for evidence tampering and conspiracy to commit evidence tampering, the State filed this mid-trial appeal challenging the district court's conflicting statements about the nature, scope, and finality of its oral ruling in limine on the federal Privacy Protection Act. Faced with a conflicting record concerning our jurisdiction, we abated this appeal and remanded the case to the district court for clarification of its intended action, including any effect of the PPA on the State's prosecution. The district court subsequently signed a written order confirming that it has not ruled that the PPA preempts this prosecution.

Chody moved to dismiss this appeal for lack of jurisdiction. I would grant the motion. Because the Court does not, I respectfully dissent.

The district court's only written order on the PPA issue appealed here disclaims preemption: "This Court has not ordered and does not believe that the PPA preempts th[is] prosecution[]." Further, the order clarifies that the district court's prior ruling on the testimony about return of the video is subject to reconsideration and was an evidentiary ruling only. But the Court accepts the State's representation of the ruling on remand as constructively quashing parts of Chody's indictment and terminating his prosecution. Significantly, the State's notice of appeal challenges a purported preemption ruling on August 14, 2024, not found in any written order.[1] The State shoehorns its appeal into article 44.01(a)(1), which is limited to "an order of a court in a criminal case if the order dismisses an indictment, information, or complaint or any portion of an indictment, information, or complaint." Tex. Code Crim. Proc. art. 44.01(a)(1).

Longstanding, controlling precedent from the Court of Criminal Appeals expressly requires a written order for the State's appeal under article 44.01. *See e.g.*, *State v. Sanavongxay*, 407 S.W.3d 252, 259 (Tex. Crim. App. 2012) (concluding that "because there is no written order from which to appeal, the court of appeals correctly held that it has no jurisdiction over the state's appeal"); *State v. Rosenbaum*, 818 S.W.2d 398, 402 (Tex. Crim. App. 1991) (concluding that 15-day deadline for State's appeal in article 44.01(d) ran from signing of "an order"). No Court of Criminal Appeals case has "liberally construed" article

---

[1] The rules of appellate procedure preclude the State from amending its notice of appeal to challenge an entirely different order than the August 14, 2024 oral ruling named in its notice. *See* Tex. R. App. P. 25.2(f) (allowing amended notice of appeal before appealing party's brief is filed); *Dewalt v. State*, 417 S.W.3d 678, 689 n.51 (Tex. App.—Austin 2013, pet. denied) (recognizing that earlier filed notice of appeal could not be amended to encompass trial court's subsequent order and that "amending" earlier filed notice of appeal failed to invoke this Court's jurisdiction over subsequent order). The Court today reverses an order never named in a notice of appeal filed by the State.

44.01 as dispensing with the requisite written order.[2]  This is because the announcement of an oral decision is not the equivalent of entering or issuing a written order.  *Westbrook v. State*, 753 S.W.2d 158, 159 (Tex. Crim. App. 1988).  The distinction between them is "substantial." *Id.* at 159, 160 & n.1 (adopting opinion of Clinton, J., concurring).  It is the entry of a trial court's order into the record that affords enduring evidence of the judicial act and furnishes external, incontestable evidence of the decision rendered.  *Id.* at 160.

Without a written order, there is no evidence of the required finality of a ruling. *Sanavongxay*, 407 S.W.3d at 258.  Oral rulings are subject to change after further discussion or presentation of contrary law or precedent.  *Id*.  Thus, an oral ruling is not "an order" for purposes of establishing a trial court's decision.  *Id*.  "Only a writing suffices."  *Id*.  No written order in the record establishes the district court's final ruling on whether the PPA precludes this prosecution.

The Texas Constitution confers final authority for criminal law in Texas on the Court of Criminal Appeals.  *See* Tex. Const. art. V, § 5(a).  No other court of this state is authorized to overrule or circumvent its decisions or disobey its mandates.  *State ex rel. Wilson v. Briggs*, 351 S.W.2d 892, 894 (Tex. Crim. App. 1961).  As an intermediate court of appeals, we must follow the Court of Criminal Appeals' established precedent.  *Ex parte Reyes-Martinez*, 653 S.W.3d 273, 284 (Tex. App.—Austin 2022, no pet.).  We do not depart from the Court of Criminal Appeals' precedent, even at the State's urging.  *See, e.g.*, *State v. Heredia*, 604 S.W.3d

---

[2] Nor do the cases cited by this Court support such a proposition.  *Cf. State v. Chupik*, 343 S.W.3d 144, 145 & n.1 (Tex. Crim. App. 2011) (noting procedural history of *State v. Chupik*, No. 03-09-00356-CR, 2010 WL 1930110, *2 (Tex. App.—Austin May 13, 2010) (mem. op., not designated for publication), which specifies that trial court granted motion to suppress evidence and "memorialized this ruling in a written order"); *State v. Moreno*, 807 S.W.2d 327, 328 (Tex. Crim. App. 1991) (noting trial court's "signing [of] the order" on motion to quash); *cf. also* Tex. Gov't Code § 312.006 (containing no reference to appealable orders or article 44.01).

138, 146 (Tex. App.—Austin 2020, pet. ref'd); *State v. Dominguez*, 425 S.W.3d 411, 424 (Tex. App.—Houston [1st Dist.] 2011, pet. ref'd).[3] Revision of that precedent is reserved for the Court of Criminal Appeals, not this Court.

In the absence of a written order ruling that the PPA preempts Chody's prosecution, we lack jurisdiction over this attempted appeal. Accordingly, I dissent.

_____

Darlene Byrne, Chief Justice

Before Chief Justice Byrne, Justices Kelly and Theofanis

Filed: June 13, 2025

Publish

---

[3] The Court of Criminal Appeals concluded that it is unnecessary to change the law to allow an appeal when a trial court makes an oral ruling but refuses to issue the written ruling required for invoking appellate court jurisdiction. *State v. Sanavongxay*, 407 S.W.3d 252, 258 n.9 (Tex. Crim. App. 2012). The Court noted that our current procedures provide litigants with an adequate remedy in such a situation. *Id.* The State opted for this appeal instead.