# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## ON MOTION FOR
## RECONSIDERATION EN BANC

---

### NO. 03-24-00535-CR

---

**The State of Texas, Appellant**

**v.**

**Jason Nassour, Appellee**

---

### FROM THE 299TH DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-DC-24-904061, THE HONORABLE KAREN SAGE, JUDGE PRESIDING

---

### O P I N I O N

The opinions and judgments issued on June 13, 2025, are withdrawn, and the following opinion is substituted.[1]

After presenting testimony from seven prosecution witnesses in Jason Nassour's jury trial for evidence tampering and conspiracy to commit evidence tampering, the State filed this mid-trial appeal challenging the district court's conflicting statements about the nature, scope, and finality of its oral ruling in limine on the federal Privacy Protection Act. Faced with a conflicting record concerning our jurisdiction, we abated this appeal and remanded the case to

---

[1] Because the parties are familiar with the facts of the case and its procedural history, we do not recite them in this opinion except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* Tex. R. App. P. 47.1, 49.5.

the district court for clarification of its intended action, including any effect of the PPA on the State's prosecution. The district court subsequently signed a written order confirming that it has not ruled that the PPA preempts this prosecution.

Nassour moved to dismiss this appeal for lack of jurisdiction. The Court will grant the motion.

The district court's only written order on the PPA issue appealed here disclaims preemption: "This Court has not ordered and does not believe that the PPA preempts th[is] prosecution[]." Further, the order clarifies that the district court's prior ruling on the testimony about return of the video is subject to reconsideration and was an evidentiary ruling only. The State represents the ruling on remand as constructively quashing parts of Nassour's indictment and terminating his prosecution. No ruling has been made on the merits as to PPA preemption of this prosecution. The State's appeal complains of a court order that is nonexistent. The district court has itself confirmed the no-ruling status. Significantly, the State's notice of appeal challenges only a purported preemption ruling on August 14, 2024, not found in any written order.[2] The State shoehorns its appeal into article 44.01(a)(1), which is limited to "an order of a court in a criminal case if the order dismisses an indictment, information, or complaint or any portion of an indictment, information, or complaint." Tex. Code Crim. Proc. art. 44.01(a)(1); *see*

---

[2] The rules of appellate procedure preclude the State from amending its article 44.01 notice of appeal to challenge an entirely different order than the August 14, 2024 oral ruling named in its notice. *See* Tex. R. App. P. 25.2(f) (allowing amended notice of appeal before appealing party's brief is filed); *Dewalt v. State*, 417 S.W.3d 678, 689 n.51 (Tex. App.—Austin 2013, pet. denied) (recognizing that earlier filed notice of appeal could not be amended to encompass trial court's subsequent order and that "amending" earlier filed notice of appeal failed to invoke this Court's jurisdiction over subsequent order); *accord* Tex. R. App. P. 2 (cautioning that "a court must not construe this rule to suspend any provision in the Code of Criminal Procedure").

*State v. Redus*, 445 S.W.3d 151, 158 (Tex. Crim. App. 2014) (noting that referencing article 44.01(a) in notice of appeal does not assure compliance with its provisions).

Longstanding, controlling precedent from the Court of Criminal Appeals interprets article 44.01 as requiring a written order for the State's appeal. *See, e.g.*, *State v. Sanavongxay*, 407 S.W.3d 252, 259 (Tex. Crim. App. 2012) (concluding that "because there is no written order from which to appeal, the court of appeals correctly held that it has no jurisdiction over the state's appeal"); *State v. Rosenbaum*, 818 S.W.2d 398, 402 (Tex. Crim. App. 1991) (concluding that deadline for State's appeal in article 44.01(d) ran from signing of "an order"); *cf. In re Sinclair*, 693 S.W.3d 346, 360 (Tex. Crim. App. 2024) ("We conclude that there is not yet an appealable order in this case, and that the court of appeals consequently never acquired jurisdiction to entertain Appellant's appeal.").

No Court of Criminal Appeals case has construed article 44.01 as dispensing with the requisite written order. This is because the announcement of an oral decision is not the equivalent of entering or issuing a written order. *Westbrook v. State*, 753 S.W.2d 158, 159 (Tex. Crim. App. 1988). The distinction between them is "substantial." *Id.* at 159, 160 & n.1 (adopting opinion of Clinton, J., concurring). It is the entry of a trial court's order into the record that affords enduring evidence of the judicial act and furnishes external, incontestable evidence of the decision rendered. *Id.* at 160; *see* Tex. Code Crim. Proc. art. 44.01(d) (specifying that deadline for State's appeal under article 44.01(a) or (b) runs from date that order, ruling, or sentence to be appealed is "entered" by court).

Without a written order, there is no evidence of the required finality of a ruling. *Sanavongxay*, 407 S.W.3d at 258. Oral rulings are subject to change after further discussion or presentation of contrary law or precedent. *Id*. Thus, an oral ruling is not "an order" for purposes

3

of establishing a trial court's decision. *Id.* "Only a writing suffices." *Id.* No written order in the record establishes the district court's final ruling on whether the PPA precludes this prosecution.

The Texas Constitution confers final authority for criminal law in Texas on the Court of Criminal Appeals. *See* Tex. Const. art. V, § 5(a). No other court of this state is authorized to overrule or circumvent its decisions or disobey its mandates. *State ex rel. Wilson v. Briggs*, 351 S.W.2d 892, 894 (Tex. Crim. App. 1961). As an intermediate court of appeals, we must follow the Court of Criminal Appeals' established precedent. *Ex parte Reyes-Martinez*, 653 S.W.3d 273, 284 (Tex. App.—Austin 2022, no pet.). We do not depart from the Court of Criminal Appeals' precedent, even at the State's urging. *See, e.g.*, *State v. Heredia*, 604 S.W.3d 138, 146 (Tex. App.—Austin 2020, pet. ref'd); *State v. Dominguez*, 425 S.W.3d 411, 424 (Tex. App.—Houston [1st Dist.] 2011, pet. ref'd).[3] Revision of that precedent is reserved for the Court of Criminal Appeals, not this Court.

In the absence of a written order ruling that the PPA preempts Nassour's prosecution, we lack jurisdiction over this attempted appeal. Accordingly, the appeal is dismissed for want of jurisdiction.

_____

Darlene Byrne, Chief Justice

---

[3] The Court of Criminal Appeals concluded that it is unnecessary to change the law to allow an appeal when a trial court makes an oral ruling but refuses to issue the written ruling required for invoking appellate court jurisdiction. *State v. Sanavongxay*, 407 S.W.3d 252, 258 n.9 (Tex. Crim. App. 2012). The Court noted that our current procedures provide litigants with an adequate remedy in such a situation—mandamus. *Id.* Rather than using the available procedural remedy, the State opted for this appeal.

Before Chief Justice Byrne, Justices Kelly, Theofanis, Crump, and Ellis
   Dissenting Opinion by Justice Theofanis, joined by Justice Kelly
      Justice Triana not participating

Dismissed for Want of Jurisdiction on Motion for Reconsideration En Banc

Filed:   August 29, 2025

Publish