**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-22-00217-CR**
**NO. 09-22-00218-CR**

_____

**EX PARTE JEROME GODFREY**

_____

**On Appeal from the 253rd District Court**
**Liberty County, Texas**
**Trial Cause Nos. 22DC-WR-00061 and 22DC-WR-00062**

_____

**MEMORANDUM OPINION**

In a single appellate issue, Appellant Jerome Godfrey appeals the trial court's denial of his applications for writ of habeas corpus, filed pursuant to Article 17.151 of the Texas Code of Criminal Procedure. Tex. Code Crim. Proc. Ann. art. 17.151, § 1(1). The State concedes the trial court erred in denying the relief sought and we therefore reverse the trial court's decision.

1

## I. Background

Appellant was arrested on October 10, 2021, and was charged with possession, manufacture, and delivery of a controlled substance.[1] Godfrey has been incarcerated in the Liberty County jail since that time because he is unable to post the bond set by the trial court. On January 11, 2022, when he had been in jail for ninety-three days, Godfrey filed an application for a writ of habeas corpus alleging that the State had violated Article 17.151 of the Texas Code of Criminal Procedure by keeping him confined in jail despite the State having failed to indict him. Tex. Code Crim. Proc. Ann. art. 17.151, § 1(1). At a hearing conducted on January 25, 2022, the trial court ruled from the bench, denying Godfrey's request for a reduction in the amount of his bail. As the basis for its decision, the trial court cited Appellant's two previous felony convictions and the Texas Constitution art. I, § 11a.[2] This appeal followed.

## II. Standard of Review

We review habeas determinations under Article 17.151 for abuse of discretion. *See Ex parte Gill,* 413 S.W.3d 425, 428-31 (Tex. Crim. App. 2013). "A trial court abuses its discretion when it applies 'an erroneous legal standard, or when

---

[1] On February 16, 2022, Appellant was indicted on two counts of first-degree felony of possession, with intent to deliver, methamphetamine in the amount of at least four but not more than 200 grams. Tex. Health & Safety Code Ann. § 481.112(d).

[2] The trial court signed its orders on July 6, 2022.

2

no reasonable view of the record could support the trial court's conclusion under the correct law and facts viewed in the light most favorable to its legal conclusion.'" *Ex parte Smith,* 486 S.W.3d 62, 64-65 (Tex. App.—Texarkana 2016, no pet.) (citations omitted).

### III. Analysis

As the trial court observed, the respective provisions of the Code of Criminal Procedure[3] and the Texas Constitution[4] do appear to conflict under the

---

[3] The Texas Code of Criminal Procedure states that, absent certain exceptions that are inapplicable under the facts of this case, "[a] defendant who is detained in jail pending trial of an accusation against him must be released either on personal bond or by reducing the amount of bail required, if the state is not ready for trial . . . within 90 days from the commencement of detention . . ." Tex. Code Crim. Proc. Ann. art. 17.151, § 1(1).

[4] The Texas Constitution states that "[a]ny person (1) accused of a felony less than capital in this State, who has been theretofore twice convicted of a felony, the second conviction being subsequent to the first, both in point of time of commission of the offense and conviction therefor, (2) accused of a felony less than capital in this State, committed while on bail for a prior felony for which he has been indicted, (3) accused of a felony less than capital in this State involving the use of a deadly weapon after being convicted of a prior felony, or (4) accused of a violent or sexual offense committed while under the supervision of a criminal justice agency of the State or a political subdivision of the State for a prior felony, after a hearing, and upon evidence substantially showing the guilt of the accused of the offense in (1) or (3) above, of the offense committed while on bail in (2) above, or of the offense in (4) above committed while under the supervision of a criminal justice agency of the State or a political subdivision of the State for a prior felony, may be denied bail pending trial, by a district judge in this State, *if said order denying bail pending trial is issued within seven calendar days subsequent to the time of incarceration of the accused*; provided, however, that if the accused is not accorded a trial upon the accusation under (1) or (3) above, the accusation and indictment used under (2) above, or the accusation or indictment used under (4) above *within sixty (60) days from the time of his incarceration* upon the accusation, the order denying bail shall

3

circumstances of this case. *Compare* Tex. Code Crim. Proc. Ann. art. 17.151, § 1(1), *with* Tex. Const. art. I, § 11a. Because Appellant was convicted of two previous felonies, the relevant constitutional provision appears to permit denial of bail, while the Code of Criminal Procedure requires that bail be granted due to the length of Appellant's incarceration. It is the duty of the courts to interpret statutory language so as to harmonize apparently conflicting provisions and give effect to each in the light of its purpose, if such an interpretation is reasonable.[5]

A closer examination of the cited section of the constitution reveals that in order to deny bail to a twice-convicted felon, the "order denying bail pending trial [must be] issued within seven calendar days" of the date of incarceration. Tex. Const. art. I, § 11a(a); *See Garza v. State*, 736 S.W.2d 710, 711-12 (Tex. Crim. App. 1987). Applying that standard to the case at bar reveals that to be valid, an order denying bail pursuant the cited constitutional provision had to be issued on or before October 17, 2021. Because no such order was issued by that date, the trial court's constitutional power to deny bail does not apply under the facts of this case.

---

be automatically set aside, unless a continuance is obtained upon the motion or request of the accused; provided, further, that the right of appeal to the Court of Criminal Appeals of this State is expressly accorded the accused for a review of any judgment or order made hereunder, and said appeal shall be given preference by the Court of Criminal Appeals." (emphasis added). Tex. Const. art. I, §11a(a).

[5] The statutes are in pari materia and when construed together can be harmonized and given effect with the special governing the general in the event of any conflict. *See Thomas v. State*, 91 S.W.2d 716, 723 (1936).

Moreover, even if an order denying bail had been timely issued, it would have been set aside when Appellant was not tried within sixty days of his incarceration, or by December 9, 2021. Tex. Const. art. I § 11a(a); *See Holloway v. State,* 781 S.W.2d 605, 606 (Tex. Crim. App. 1989).

Because we conclude based upon the facts of this record, Article 17.151 of the Code of Criminal Procedure is controlling. We sustain Appellant's sole point on appeal.

## IV.  Conclusion

Godfrey has been detained in jail on felony charges without indictment for more than ninety days. Article 17.151 of the Code of Criminal Procedure requires his release on a bail he can afford. Because the trial court declined to set a bail Godfrey can afford, we reverse the trial court's orders denying Godfrey's petition for habeas relief and remand the cases to the habeas court so the trial court may set a bail in an amount that Godfrey can afford.

REVERSED AND REMANDED.

_____
CHARLES KREGER
Justice

Submitted on September 27, 2022
Opinion Delivered December 14, 2022
Do Not Publish

Before Golemon, C.J., Kreger and Johnson, JJ.

5