**REVERSE and REMAND and Opinion Filed July 17, 2024**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-24-00224-CR

## EX PARTE GUADALUPE FABIAN SOTO-GERVACIO

**On Appeal from the County Court
Jim Hogg County, Texas
Trial Court Cause No. 1082C**

## MEMORANDUM OPINION

Before Justices Garcia, Breedlove, and Kennedy
Opinion by Justice Garcia

Appellant Guadalupe Fabian Soto-Gervacio is a noncitizen who was arrested under Operation Lone Star (OLS) and charged with the misdemeanor offense of criminal trespass.[1] Following his arrest, appellant filed an application for a pretrial writ of habeas corpus in which he requested the issuance of a habeas writ and a dismissal of the underlying charge.[2] Appellant contended he was the subject of selective prosecution in violation of state and federal constitutional equal protection

---

[1]This appeal was transferred from the Fourth Court of Appeals pursuant to a Texas Supreme Court docket equalization order. Accordingly, we apply the Fourth Court of Appeals' precedent to the extent required by Texas Rule of Appellate Procedure 41.3. *See* TEX. R. APP. P. 41.3.

[2]We note the State declined to file an appellate brief or a response to appellant's writ of habeas corpus.

principles. The habeas court denied his application on the merits, and appellant appealed, arguing the habeas court erred in not granting his requested relief. We reverse and remand to the habeas court with instructions to enter an order dismissing appellant's criminal case with prejudice.

## I. BACKGROUND

On March 6, 2021, Governor Greg Abbott directed the Texas Department of Public Safety (DPS) to initiate OLS "to deter[ ] illegal border crossing and . . . prevent criminal activity along the border." *Ex parte Aparicio*, 672 S.W.3d 696, 701 (Tex. App.—San Antonio 2023, pet. granted).

As part of OLS, appellant, a noncitizen, was arrested for misdemeanor criminal trespass in Jim Hogg County on September 21, 2022. Appellant then filed an application for a pretrial writ of habeas corpus seeking dismissal of the criminal charge, arguing his rights had been violated under the United States Constitution's Equal Protection Clause and the Texas Constitution's Equal Rights Amendment, because the State was selectively prosecuting men, and not similarly situated women, for criminal trespass under the OLS. *See* U.S. CONST. amend. XIV; TEX. CONST. art. I, § 3a.

The habeas court conducted a hearing on appellant's habeas application. During the hearing appellant presented testimony from two witnesses, Tracy Segundo and Jose F. Aguilar.

Segundo works as an assignment coordinator for the Lubbock Private Defender's Office, which provides counsel to indigent OLS defendants. Segundo testified that as of November 2022, she was not aware of a single female charged with criminal trespass pursuant to the OLS program, and that the LPDO did not begin appointing females counsel for criminal trespass until January 2023.

Trooper Aguilar of the Texas Highway Patrol testified he arrested appellant for criminal trespass on September 21, 2022. At the time he arrested appellant, Aguilar had been ordered to arrest only men for criminal trespass and not to arrest women.

The State declined to present testimony from any witnesses. The habeas court subsequently denied appellant's habeas application, and appellant filed a notice of appeal. For the reasons set forth below, we reverse the habeas court's denial of relief.

## II.    STANDARD OF REVIEW

In reviewing the merits of a habeas court's decision to grant or deny habeas corpus relief, we defer to the habeas court's assessment of the facts when those facts turn on an evaluation of credibility and demeanor. *Ex parte Perusquia*, 336 S.W.3d 270, 274–75 (Tex. App.—San Antonio 2010, pet. ref'd); *Ex parte Quintana*, 346 S.W.3d 681, 684 (Tex. App.—El Paso 2009, pet. ref'd). And we view the facts in the light most favorable to the habeas court's ruling, upholding it absent an abuse of discretion. *Id.*; *see also Ex parte Trevino*, 648 S.W.3d 435, 439 (Tex. App.—San Antonio 2021, no pet.) (recognizing that an appellate court views the facts in the

–3–

light most favorable to the habeas court's ruling). Reviewing courts must also grant deference to implicit findings of fact that support the habeas court's ultimate ruling. *Perusquia*, 336 S.W.3d at 275 (citing *Ex parte Wheeler*, 203 S.W.3d 317, 324 n.23 (Tex. Crim. App. 2006)). However, "[i]f the resolution of the ultimate question turns on an application of the law, we review the determination de novo." *Id.*; *see also Ex parte Vazquez-Bautista*, 683 S.W.3d 504, 510 (Tex. App.—San Antonio 2023, pet. filed) (recognizing same in the context of an appeal from a habeas court's decision granting an OLS applicant's pre-trial petition for a writ of habeas corpus).

To prevail on a writ of habeas corpus, the applicant bears the burden of proving, by a preponderance of the evidence, the facts that would entitle him to relief. *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006). Habeas corpus is a remedy available to applicants who are "restrained in their liberty." *See* TEX. CODE CRIM. PROC. art. 11.01.

### III.   ANALYSIS

Appellant argues the habeas court erred by denying his selective prosecution claim because he properly raised his claim in pretrial habeas writ, established a prima facie case of sex discrimination, and the State failed to justify its discriminatory policy. We agree with appellant.

### A.    Cognizabilty of Appellant's claim.

We start with appellant's argument that his claim of selective prosecution is cognizable in a pretrial writ of habeas corpus. The Fourth Court of Appeals has

concluded that a "selective-prosecution claim on the basis of equal protection is the type of claim 'in which the protection of the applicant's substantive rights or the conservation of judicial resources would be better served by interlocutory review.'" *Aparicio*, 672 S.W.3d at 709 (quoting *Ex parte Ingram*, 533 S.W.3d 887, 892 (Tex. Crim. App. 2017)). Accordingly, the Fourth Court of Appeals held the claim was cognizable in a pretrial habeas proceeding. *Id.* Following the Fourth Court of Appeals, we hold appellant's pretrial habeas claim is cognizable. *See* TEX. R. APP. P. 41.3 (holding a transferee court must follow the precedent of the transferor court).

**B.      Appellant's duty to establish a prima facie claim of selective prosecution.**

We next consider whether appellant met his burden of proving a prima facie claim of discrimination. To establish a prima facie case of selective prosecution, appellant must show the "prosecutorial policy 'had a discriminatory effect and that it was motivated by a discriminatory purpose.'" *United States v. Armstrong*, 517 U.S. 456, 465 (1996) (quoting *Wayte v. United States*, 470 U.S. 598, 608 (1985)).

To establish a discriminatory effect in a selective prosecution case based on gender discrimination, appellant had to show similarly situated individuals of the opposite sex were not prosecuted for the same conduct. *See id.* (stating standard with respect to race discrimination); *Robles v. State*, 585 S.W.3d 591, 597 (Tex. App.— Houston [14th Dist.] 2019, pet. ref'd) (applying *Armstrong* standard to gender discrimination). To demonstrate the prosecution was motivated by a discriminatory

–5–

purpose, appellant had to show the State's selection of him for prosecution was based on an impermissible consideration like gender. *See Wayte*, 470 U.S. at 610; *Lovill v. State*, 287 S.W.3d 65, 79 (Tex. App.—Corpus Christi-Edinburg 2008), *rev'd on other grounds*, 319 S.W.3d 687 (Tex. Crim. App. 2009).

In *Aparicio*, the Fourth Court held the State's policy of prosecuting men but not women for trespass established a prima facie case of sex discrimination. *See Aparicio*, 672 S.W.3d at 713–15. Like the appellant in *Aparicio*, appellant introduced evidence demonstrating the State prosecuted men but not women trespassers as part of OLS and that this policy was in effect when the State arrested him on September 21, 2022.

Appellant's evidence—including Segundo's testimony that as of November 2022, she was not aware of a single female charged with criminal trespass pursuant to the OLS program as well as Aguilar's testimony that he was instructed to arrest only males and to turn the females over to border patrol—demonstrates appellant's gender was the reason he was prosecuted. Accordingly, we hold appellant established by a preponderance of the evidence a prima facie case of sex discrimination by showing OLS had a discriminatory effect and it was motivated by a discriminatory purpose. *See Armstrong*, 517 U.S. at 465; *Ex parte Richardson*, 70 S.W.3d 865, 871 (Tex. Crim. App. 2002); *Aparicio*, 672 S.W.3d at 714.

## C.     The State's duty.

We now turn to appellant's final argument in which he asserts the State did not meet its burden of justifying its discriminatory conduct under the United States Constitution or the Texas Constitution. *See Aparicio*, 672 S.W.3d at 716. With regard to appellant's claim under the Texas Constitution's Equal Rights Amendment, the State had to show that its discriminatory classification is narrowly tailored to serve a compelling governmental interest. *Id.* With regard to his federal equal protection claim, the State had to show "that the classification serves 'important governmental objectives and that the discriminatory means employed' are 'substantially related to the achievement of those objectives.'" *Miss. Univ. for Women v. Hogan*, 458 U.S. 718, 724 (1982) (quoting *Wengler v. Druggists Mut. Ins. Co.*, 446 U.S. 142, 150 (1980)).

The Fourth Court of Appeals has rejected  attempts by the State to justify its policy of gender discrimination under both the United States Constitution and Texas Constitution. *See State v. Compean,* No. 04-22-00886-CR, 2023 WL 8104870, at *2 (Tex. App.—San Antonio Nov. 22, 2023, pet. filed) (mem. op., not designated for publication)*; State v. Rodas*, No. 04-22-00885-CR, 2023 WL 8103194, at *2 (Tex. App.—San Antonio Nov. 22, 2023, pet. filed.) (mem. op., not designated for publication); *State v. Gomez*, No. 04-22-00872-CR, 2023 WL 7552682 at *5-6 (Tex. App.—San Antonio Nov. 15, 2023, pet. filed) (mem. op., not designated for publication). In those cases, the Fourth Court of Appeals held although security at

the border may be considered a compelling interest, the State failed to demonstrate that its actions were narrowly tailored to serve that interest. *Id.* Additionally, the Fourth Court has rejected the State's attempts to justify "that the classification serves 'important governmental objectives and that the discriminatory means employed' are 'substantially related to the achievement of those objectives.'" *Id.* Thus, for the same reasons explained in those cases, we hold the State failed to justify its policy of gender discrimination.

### D. Relief.

The proper remedy in this case is to reverse the habeas court's order denying appellant's writ application, without the necessity of remanding for any further proceedings on the merits of his claims and direct the habeas court to enter an order of dismissal. The sole purpose of an appeal from a habeas court's ruling is to "do substantial justice to the parties," and in resolving such an appeal, we may "render whatever judgment . . . the nature of the case require[s]." TEX. R. APP. P. 31.2, .3. Under the circumstances of this case, we do not believe it would do substantial justice to the parties to remand for any further proceedings on the merits.

Here, the State has not requested we remand this case to the habeas court for further proceedings to give it the opportunity to present additional evidence or arguments on the issue. Accordingly, because there is no dispute in the present case, either in the law or in the facts, on the question of whether the State unjustifiably engaged in gender discrimination against appellant, we conclude it would be an

–8–

"exercise in futility" to remand for further proceedings on the merits. *N. Cypress Med. Ctr. Operating Co., Ltd. v. Aetna Life Ins. Co.*, 898 F.3d 461, 479–80 (5th Cir. 2018) (where facts and law were well-settled, court recognized that it would be an "exercise in futility" and "diminish judicial economy" to remand to the habeas court for further proceedings, where there was a "high likelihood" that the same issue would return to the court in a subsequent appeal, thereby further prolonging the litigation unnecessarily). As well, we find that remanding to the habeas court for additional proceedings on the merits would unnecessarily cause further delays in resolving appellant's habeas claim, which cuts against the principle that habeas proceedings should be handled in an expedited manner. *Ex parte Johnson*, 876 S.W.2d 340, 343 (Tex. Crim. App. 1994) (finding it appropriate to issue a writ of habeas corpus, without remanding to the habeas court, by utilizing its habeas corpus jurisdiction and power to "expedite a fair resolution of the unconstitutional situation the courts below have created for this applicant"); TEX. R. APP. P. 31.2(b) (providing that an appeal in a habeas corpus proceeding other than one challenging a defendant's conviction or placement on community supervision, "shall be submitted and heard at the earliest practicable time").

## IV.   CONCLUSION

The habeas court erred as a matter of law in denying appellant's application for a pretrial writ of habeas corpus on the merits. Accordingly, we reverse the habeas

court's order and remand to the habeas court to grant the writ and dismiss with

prejudice the misdemeanor criminal trespass charge against appellant.


/Dennise Garcia/
DENNISE GARCIA
Do Not Publish                  JUSTICE
Tᴇx. R. App. P. 47
240224F.U05



# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

EX PARTE GUADALUPE FABIAN
SOTO-GERVACIO

No. 05-24-00224-CR

On Appeal from the County Court,
Jim Hogg County, Texas
Trial Court Cause No. 1082C.
Opinion delivered by Justice Garcia.
Justices Breedlove and Kennedy
participating.

Based on the Court's opinion of this date, the judgment of the trial court is **REVERSED** and the cause **REMANDED f**or further proceedings consistent with this opinion.

Judgment entered July 17, 2024